TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Charles Blum*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Blum, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, and Capital One Bank, USA, N.A., a national association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, CHARLES BLUM, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of San Tan Valley, Pinal County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## **PARTIES**

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona; and

d. Capital One Bank, USA, N.A. ("Capital One"), which is a national association that maintains a registered agent in Richmond, Virginia.

## **GENERAL ALLEGATIONS**

6. Capital One is reporting late payments on its trade line with account number 620621705371111001 ("Errant Trade Line") on Plaintiff's Experian, Equifax, and Trans Union ("CRAs") credit files.

7. Mr. Blum has never been late in making his payments on this trade line. In January 2015, Mr. Blum received a check from Antioch Dodge, the dealership from which he purchased his vehicle. The check was a refund for a security system that did not work in his vehicle. This check was made out to Capital One Auto Finance.

8. Mr. Blum then contacted Capital One, and the representative asked him if he preferred to put the check towards his monthly payments on the vehicle. Mr. Blum opted to put the check towards his monthly payments. Despite this request, Capital One allotted the check towards the principal balance because another representative stated that it was against company policy to allot the funds towards his monthly payments. When Capital One noticed that the check

was being applied towards his monthly payments, Capital One voided his monthly payment transaction and applied the money towards the principal of the vehicle. Capital One did not alert Mr. Blum until around June 2015.

9. In late June 2015, Capital One told Mr. Blum that the check it received from the dealership had bounced.

10. In early September 2015, after numerous communications between Mr. Blum and Capital One, Mr. Blum faxed in the cleared check to Capital One, showing that the check from Antioch Dodge did not bounce, despite Capital One's representation that it did.

11. At this time, a representative from Capital One informed Mr. Blum that it would credit his account. This never happened.

12. On or about February 1, 2016, Mr. Blum obtained his credit files and noticed late payments on the Errant Trade Line.

13. On or about March 28, 2016, Mr. Blum submitted letters to the CRAs, disputing the late payments on the Errant Trade Line. Mr. Blum explained that he opted for the refund to be applied towards his monthly payments but that Capital One applied it to the principal balance instead. Mr. Blum also attached his transaction history from Capital One, showing that it voided the check and applied it towards his principal balance.

14. Upon information and belief, the CRAs forwarded Mr. Blum's consumer dispute to Capital One.

15. On or about April 7, 2016, Mr. Blum received a letter from Experian, which stated that it was contacting the furnisher.

16. On or about April 23, 2016, Mr. Blum received Experian's investigation results, which showed that Capital One retained late payments between the months of June 2015 through February 2016 on the Errant Trade Line.

17. On or about April 26, 2016, Mr. Blum received Equifax's investigation results, which showed that Capital One retained late payments between the months of June 2015 through February 2016 on the Errant Trade Line.

18. On or about April 28, 2016, Mr. Blum received Trans Union's investigation results, which showed that Capital one retained late payments between the months of June 2015 through February 2016 on the Errant Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by the CRAs of Mr. Blum's consumer dispute of the erroneous late payments on the Errant Trade Line, Capital One negligently failed to conduct a proper investigation of Mr. Blum's dispute as required by 15 USC 1681s-2(b).

21. Capital One negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the erroneous late payments on the Errant Trade Line.

22. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Blum's consumer credit files with the CRAs to which it is reporting such trade line.

23. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Blum has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Capital One is liable to Mr. Blum by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Mr. Blum has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

# WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by the CRAs that Mr. Blum disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Blum's dispute.

28. Capital One willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Mr. Blum has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Capital One is liable to Mr. Blum for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Blum as that term is defined in 15 USC 1681a.

33. Such reports contained information about Mr. Blum that was false, misleading, and inaccurate.

34. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Blum, in violation of 15 USC 1681e(b).

35. After receiving Mr. Blum's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Blum has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Experian is liable to Mr. Blum by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Blum as that term is defined in 15 USC 1681a.

40. Such reports contained information about Mr. Blum that was false, misleading, and inaccurate.

41. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Blum, in violation of 15 USC 1681e(b).

42. After receiving Mr. Blum's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Blum has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Experian is liable to Mr. Blum by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Blum as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mr. Blum that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Blum, in violation of 15 USC 1681e(b).

49. After receiving Mr. Blum's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Blum has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

51. Equifax is liable to Mr. Blum by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Blum as that term is defined in 15 USC 1681a.

54. Such reports contained information about Mr. Blum that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Blum, in violation of 15 USC 1681e(b).

56. After receiving Mr. Blum's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Blum has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Mr. Blum by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Blum as that term is defined in 15 USC 1681a.

61. Such reports contained information about Mr. Blum that was false, misleading, and inaccurate.

62. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Blum, in violation of 15 USC 1681e(b).

63. After receiving Mr. Blum's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Blum has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Trans Union is liable to Mr. Blum by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Blum as that term is defined in 15 USC 1681a.

68. Such reports contained information about Mr. Blum that was false, misleading, and inaccurate.

69. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Blum, in violation of 15 USC 1681e(b).

70. After receiving Mr. Blum's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Blum has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Trans Union is liable to Mr. Blum by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

| | |
|---|---|
| 1 | DATED: May 31, 2016 |
| 2 | |
| 3 | KENT LAW OFFICES |
| 4 | |
| 5 | By: */s/  Trinette G. Kent* |
| 6 | Trinette G. Kent |
| 7 | Attorneys for Plaintiff, Charles Blum |